**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:26-cr-30 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| KYLE D. LAWRENCE, | : | |
| | : | |
| Defendant. | : | |

---

**CRIMINAL PRELIMINARY PRETRIAL ORDER**

---

To eliminate unnecessary motions for discovery, to expedite the trial, and to eliminate delays in the presentation of evidence and examination of witnesses in this case, this matter shall precede as follows:

1.      Conference. Unless discovery has already commenced, within ten (10) days from the date of this Order, the United States Attorney or one of his Assistants (hereinafter "Government" or "Government attorney") and the defendant's attorney shall meet and confer, and upon request of defense counsel, the Government shall:

    (a)     Permit defendant's attorney to inspect and copy or photograph any relevant written or recorded statements or confessions made by the defendant, whether inculpatory or exculpatory, or copies thereof, including oral admissions or statements if they have been reduced to any form of writing, or are known to the Government attorney, which are within the possession, custody or control of

the Government or the existence of which is known or may become known to the Government attorney.

(b)     Permit defendant's attorney to inspect and copy or photograph any relevant results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the case, or copies thereof, which are within the possession, custody or control of the Government or the existence of which is known, or may become known to the Government attorney, and which are material to the defendant's case.

(c)     Permit defendant's attorney to inspect and copy or photograph any recorded testimony given by the defendant before a grand jury.

(d)     Permit defendant's attorney to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the Government or the existence of which is known, or may become known to the Government attorney, and which are material to the defendant's case.

(e)     Make known to defendant's attorney the defendant's prior criminal records in the possession of the attorney for the Government.

(f)     Make known to the defendant's attorney whether there have been any photographic identifications of defendant by any of the witnesses.

(g)     Permit defendant's attorney to inspect, copy or photograph any evidence favorable to the defendant within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963) and/or *United States v. Agurs*, 427 U.S. 97 (1976).  A list of the

documents and items of evidence so inspected shall be made and this list shall be signed by the attorneys and copies of the items so disclosed shall be initialed or otherwise marked.

2        Disclosure Declined. If the Government attorney determines that it would be detrimental to the interests of justice to make any disclosure set forth in Section 1 of this Order that is requested by defense counsel, the Government may decline disclosure. The Government must promptly inform defense counsel of any such declination in writing.

A defendant may challenge a declination to provide certain disclosures by moving the Court for relief in the following manner:

(a)        The defendant shall file a motion for discovery or inspection no later than five (5) business days from the date of the Government's written notification of the declination.

(b)        The motion shall set forth: 1) the statement that the prescribed conference was held, 2) the date of the conference, 3) the name of the Government attorney with whom the conference was held, 4) the matters that were agreed upon, and 5) the matters that are in dispute and require determination by the Court.

3.        The time required to comply with the procedures set forth in this Order and the Court's Standing Order Regarding Procedures in Criminal Cases is necessary for the Court and the parties to prepare the case for trial. Any delay resulting from such compliance is therefore necessary to affect a fair trial to the parties. As the need to

conduct a fair trial outweighs the right of the public and the parties to a speedy trial, the time to complete these procedures is excludable time under 18 U.S.C. § 3161, *et seq.*

4. Continuing Duty. Any duty of disclosure and discovery set forth herein is a continuing duty.

5. Discovery by the Government. This Order is not intended to preclude discovery by the Government pursuant to Fed. R. Crim. P. 16(b) or 26.2.

6. Motion Deadline. All motions of any kind, by the defendant or by the government, must be filed on or before **April 15, 2026**. All briefs opposing said motions must be filed no later than one (1) week after motions are filed. Reply briefs are not permitted without leave of Court. The moving party must state in the motion whether an evidentiary hearing is required and shall provide the reasons supporting this request. If the Court agrees, it will set a hearing forthwith.

Before filing any motion relating to bail or detention or any motion for a continuance of any conference, hearing, deadline or other date scheduled by the Court, the movant's counsel must consult with the attorney for the opposing side and inquire if the party consents to or intends to oppose the motion. The movant must state in its motion that such consultation occurred or was attempted in good faith and must state whether the motion is unopposed.

Any motion to continue the trial date must be in writing and filed at least one week before the scheduled trial date. The motion must address the factors set forth in 18 U.S.C. § 3161 (h) that support continuance of the trial date.

7. Final Pretrial Conference: **The final pretrial conference is scheduled for**

**April 27, 2026, at 3:00 PM in Courtroom Four.** The defendant is not required to attend. If the defendant wishes to change his plea, however, the final pretrial conference will be converted to a change-of-plea hearing.

      8.      <u>Pre-Marking and Listing of Exhibits</u>.

      (a)      Each party intending to offer exhibits shall mark the exhibits prior to commencement of the trial. Exhibit labels may be obtained from the Courtroom Deputy or Clerk of Courts in advance of trial. The government must label its exhibits with Arabic numbers preceded by "GOV", and the defendant shall identify the defendant's exhibits with Arabic numbers preceded by "D" (or "D2", etc.).

      (b)      Counsel must provide the original and two copies of exhibits to Chambers, and one copy to opposing counsel, three (3) business days before the commencement of trial. The two copies of exhibits to the Court should be three-hole punched and placed in notebooks, along with a copy of the exhibit lists on the attached form.

      (c)      Exhibits which are introduced for the first time during trial, as in the case of exhibits used for impeachment, should be tendered to the Courtroom Deputy for marking and then displayed to opposing counsel. Copies must be provided to opposing counsel, the Court and the Court's Law Clerk.

      9.      <u>Scientific Analysis</u>. When the Government or defendant discloses scientific analysis contained within a proposed exhibit to opposing counsel, and that analysis was completed by an expert in the relevant scientific field, the results of the analysis and the

expert's opinion will be deemed admitted unless opposing counsel files a notice of objections no later than ten (10) business days before trial.

10. <u>Refreshing Memory</u>. Whenever counsel provides a witness with a document to refresh the witness's memory for the purpose of testifying at trial, opposing counsel is permitted to inspect and copy the document, provided that such copy shall not be further duplicated. The document shall remain in the possession of counsel and shall be used only for the purpose of representing the parties in this case.

11. <u>Jury Instructions</u>. The Court will use the Pattern Jury Instructions published by the United States Court of Appeals for the Sixth Circuit (available at https://www.ca6.uscourts.gov/pattern-jury-instructions), unless the Pattern Jury Instructions do not supply a relevant instruction on the subject matter or a party objects to a specific pattern jury instruction. In the case of an objection, the Court will consider the argument and authorities submitted by the objecting party and provide the other parties an opportunity to join or respond to the objection. A party's arguments and authority for or against a pattern jury instruction may be submitted in writing or presented orally on the record in open court.

Counsel must file their proposed jury instructions and email a courtesy copy in Microsoft Word to McFarland_Chambers@ohsd.uscourts.gov at least five (5) business days before trial. Counsel may refer to the Sixth Circuit's Pattern Jury Instructions by number; inclusion of the complete pattern jury instruction is not required.

Proposed jury instructions should address the substantive law applicable to the case. Counsel need not submit jury instructions regarding procedural matters, which the

Court will provide.  Proposed instructions must indicate their supporting authority, if they are not taken from the Sixth Circuit's Pattern Jury Instructions, and must be numbered for reference purposes.

Requests for additional jury instructions during trial or at the conclusion of the evidence will be granted only as to those matters that could not be reasonably anticipated before trial.  Copies of any such instructions must be served on opposing counsel before providing them to the Court.

12.     Trial Date (in Cincinnati): **This case is scheduled for trial beginning May 11, 2026, at 9:00 AM in Courtroom Four.**

13.     Defendant Attendance.  The United States Marshal is hereby **DIRECTED** to have any defendant in its custody present at the Final Pretrial Conference scheduled in Section 7 of this Order, if the defendant wishes to change their plea, and at the trial scheduled in Section 12 of this Order.  Defense counsel are hereby **DIRECTED** to take appropriate steps to ensure the presence of the defendant at these proceedings and any other proceeding at which their presence is required by the Court.

14.     Within seven (7) days of this Order, the Government attorney must prepare and file a timeline showing the non-excludable and excludable time under 18 U.S.C. § 3161.  The timeline must include the date that trial must begin under 18 U.S.C. § 3161.  At least every thirty (30) days until the termination of this case on the Court's docket, the Government attorney must file an updated timeline with the Court.  Requests to continue the trial date must be made by motion.  When moving to continue the trial date, a party must explain the necessity of the continuance and demonstrate that the time added by

the continuance to the length of the proceedings is not only necessary but excludable under 18 U.S.C. § 3161(h).

The parties must comply with the Standing Order Regarding Procedures in Criminal Cases (available at https://www.ohsd.uscourts.gov/JMcFarland).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND