# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:26-cr-30 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| KYLE LAWRENCE, | : | |
| | : | |
| Defendant. | : | |

## ENDS OF JUSTICE ORDER

This matter is before the Court following a telephonic status conference on April 13, 2026, at 9:30 AM. Counsel for the Government appeared, as well as counsel for Defendant. Defendant requested that the trial calendar be vacated and sought a continuance to review discovery and engage in plea negotiations. The Government had no objections. Accordingly, for good cause, the Court **GRANTED** the Defendant's request, **VACATED** the trial calendar, and **CONTINUED** this matter to a telephonic status conference on June 17, 2026, at 12:15 PM. The Court also found that the period from April 13, 2026, to June 17, 2026, shall be excluded from the calculation of time under the Speedy Trial Act.

The Speedy Trial Act mandates "that a defendant be brought to trial within seventy days from the date of arrest, the filing of the indictment or information, or the first appearance before the court, whichever is later." 18 U.S.C. § 3161(c). Pursuant to 18 U.S.C. § 3161(h)(7)(A), a court may grant a continuance that is excludable from the speedy trial clock if the court finds that "the ends of justice served by [continuing the trial] outweigh the best interest of the public and the defendant in a speedy trial." A court is to consider a number of factors in "determining whether to grant such a continuance,"

including, but not limited to: (a) "[w]hether the failure to grant such a continuance. . . would deny counsel for the defendant. . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence;" and (b) "[w]hether the failure to grant such a continuance. . . would. . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i) (iv). A Court may exclude a period from the Speedy Trial Act calculation pursuant to § 3161(h)(7) if the Court concludes that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. *United States v. White*, 920 F.3d 1109 (6th Cir. 2019).

Therefore, the Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv), the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant to a speedy trial. This matter is continued to a telephonic status conference on June 17, 2026, at 12:15 PM.  The days from April 13, 2026, to June 17, 2026, shall be excluded from the calculation of time under the Speedy Trial Act.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

2